IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| RUBATEX INTERNATIONAL, LLC, | ) | Case No. 10-62642 |
| | ) | |
| DEBTOR. | ) | |

**MOTION FOR ENTRY OF AN ORDER LIMITING NOTICE AND ESTABLISHING PROCEDURES FOR CASE MANAGEMENT AND SCHEDULING OF HEARINGS**

The above-captioned Debtor and debtor in possession (the "Debtor") move this Court pursuant to sections 102(1) and 105(a) of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), and Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of the proposed administrative order annexed hereto as <u>Exhibit A</u> (the "Order"). In support of this motion, the Debtor respectfully states as follows:

<u>**Jurisdiction and Venue**</u>

1.      This is a core proceeding under 28 U.S.C. § 157(b). This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these cases and this motion is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for this motion are §§ 102(1) and 105(a) of the Bankruptcy Code.

<u>**Background**</u>

2.      On September 15, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, the Debtor is authorized to manage its affairs as a debtor in possession. No

request has been made for the appointment of a trustee or an examiner, and no official committee has been appointed by the Office of the United States Trustee.

3. The general facts and circumstances leading to the filing of this case and this motion are set forth in the *Affidavit of Dominik Menakker, Manager of Rubatex International, LLC, in Support of First Day Motions and Applications* (the "Menakker Affidavit") filed on the Petition Date. The statements contained in the Menakker Affidavit are incorporated by reference.

**Relief Requested and Argument**

**A.    Limited Service List**

4. Pursuant to Bankruptcy Rules 2002(i) and 2002(m), the Debtor requests entry of the Order establishing a limited service list for the service of all notices, motions, applications and other pleadings and documents filed with the Court in this case excluding filings described in paragraph 5 below (collectively, the "Filings"). The limited service list would consist of only the following entities: (i) the Debtor, (ii) the Debtor's secured creditors, (iii) the Office of the United States Trustee, (iv) the 20 largest unsecured creditors, and (v) all entities that have (a) appeared in this case and requested notice pursuant to Bankruptcy Rule 2002 or (b) otherwise provided Debtor's counsel with a written request for notice of pleadings filed in this case (the "Limited Service List"). A list of the current addresses of parties (i) through (v) appears as Schedule 1 of the Order annexed hereto as Exhibit A. The Debtor will file an updated list with the Court at least once a month and provide a copy of the list to any entity upon request.

5. Under the Order, service on the parties on the Limited Service List would be deemed proper and sufficient service of all notices required to be provided in this case, except

for notices provided pursuant to Bankruptcy Rules 2002(a)(1) (meeting of creditors), 2002(a)(4) (hearing on dismissal or conversion), 2002(a)(5) (proposed modifications of plan), 2002(a)(7) (time fixed for filing proofs of claim), 2002(b)(1) (objections to and hearing on disclosure statement), 2002(b)(2) (objections to and hearing on confirmation), 2002(f) (other notices), 7004 (adversary proceedings), and 9014 (contested matters), which notices would continue to be served in accordance with such rules.

6. Section 102(1) of the Bankruptcy Code governs the construction of the phrase "after notice and a hearing" or similar phrases. Section 105(a) of the Bankruptcy Code authorizes the Court to enter any necessary or appropriate order. Bankruptcy Rule 2002(m) expressly authorizes the Court to enter orders designating the matters in respect to which, the entity to whom, and the form and manner of the notices to be sent. Accordingly, the Court has the power and authority to grant the relief requested herein.

7. The nature of the Debtor's case justifies the limitation on service of notices requested herein. The list of creditors is expected to exceed 100 entities. Many of the entities that the Debtor is currently required provide notice of proceedings in this case have no interest in receiving such notices. Providing notice to such entities will result in the Debtor expending a substantial amount of money in mailing and handling costs without generating a commensurate benefit for the Debtor or its bankruptcy estate. If the service of pleadings is limited to those entities that desire to stay abreast of the proceedings in this case, then the Debtor will be able to reduce its administrative costs which will increase the distribution to the unsecured creditors. Limiting service of notices as provided in the Order will provide due and sufficient notice to

parties in interest that are actually interested in the case while minimizing administrative expenses to the Debtor. To be entitled to receive notice of all such matters contemplated by this Motion, a creditor or party in interest need only (i) file a notice of appearance and request for service of papers or (b) otherwise provide Debtor's counsel with a written request for notice of pleadings filed in this case.

**B.     Other Administrative Procedures**

8.     In addition to the above relief, the Debtor, pursuant to Bankruptcy Rules 2002 and 9007, seeks entry of the Order establishing certain procedures (the "Administrative Procedures") to govern:  (i) the applicable notice period when one is not otherwise prescribed by the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules of this Court, or an order of the Court; (ii) the use of "negative notice" procedures; (iii) the parties upon whom service of all responses to Filings must be made and the form and timing of the filing of such responses; (iv) the rights of any party in interest to seek to further limit or expand the notice of certain matters and proceedings, and a modification of the Limited Service List; (v) the right of the Debtor and other parties in interest to request expedited hearings and the manner for doing so.

9.     The establishment of the Administrative Procedures will facilitate the efficient and effective administration of the Debtor's case. By supplementing, but not superseding, the provisions of the Bankruptcy Code, Bankruptcy Rules, or Local Bankruptcy Rules, the establishment of the Administrative Procedures will serve to remove any uncertainty regarding the procedures governing the administration and prosecution of this case.

WHEREFORE, the Debtor respectfully requests that the Court (i) enter an order in the form attached hereto and (ii) grant such other and further relief as this Court may deem just and proper.

Dated: September 21, 2010                    Respectfully submitted

                                             RUBATEX INTERNATIONAL, LLC

                                             /s/ W. Joel Charboneau

MAGEE GOLDSTEIN LASKY & SAYERS, P.C.
A. Carter Magee, Jr., Esq. (VSB #20284)
Andrew S. Goldstein, Esq. (VSB #28421)
W. Joel Charboneau, Esq. (VSB #68025)
Garren R. Laymon, Esq. (VSB #75112)
310 First Street, S.W., Suite 1200
Roanoke, Virginia 24011
Telephone: (540) 343-9800
Facsimile: (540) 343-9898
E-mail:    cmagee@mglspc.com
           agoldstein@mglspc.com
           jcharboneau@mglspc.com
           glaymon@mglspc.com

U:\A CLIENTS\Rubatex International, LLC 2644\Pleadings\Limited Service Motion\Limited Service Motion.DOC

5

# ORDER LIMITING NOTICE AND ESTABLISHING PROCEDURES FOR CASE MANAGEMENT AND SCHEDULING OF HEARINGS

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| RUBATEX INTERNATIONAL, LLC, | ) Case No. 10-62642 |
| | ) |
| DEBTOR. | ) |

**ORDER LIMITING NOTICE AND ESTABLISHING PROCEDURES FOR
CASE MANAGEMENT AND SCHEDULING OF HEARINGS**

This matter came before the Court on the motion (the "Motion")[1] of the above-captioned debtor and debtor-in-possession (the "Debtor"), by proposed counsel, pursuant to sections 102(1) and 105(a) of the Bankruptcy Code for entry of an order limiting notice and establishing procedures for case management and scheduling of hearings.  The Court finds that: (a) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) the entry of an order limiting notice and establishing certain case management and scheduling procedures will provide for the effective and efficient administration of this chapter 11 case and satisfy the requirements of due process; and (d) absent the entry of this Order, the Debtor will incur substantial administrative costs with no commensurate benefit for the estate.

NOW, THEREFORE, pursuant to sections 102(1) and 105(a) of the Bankruptcy Code and Bankruptcy Rules 2002 and 9007, IT IS HEREBY:

ORDERED that, except for notices supplied pursuant to Bankruptcy Rules 2002(a)(1) (meeting of creditors), 2002(a)(4) (hearing on dismissal or conversion), 2002(a)(5) (proposed modifications of plan), 2002(a)(7) (time fixed for filing proofs of claim), 2002(b)(1) (objections

---

[1] All capitalized terms not defined herein but defined in the Motion or the attachments thereto shall have the meanings ascribed to them in the Motion or the attachments thereto.

to and hearing on disclosure statement), 2002(b)(2) (objections to and hearing on confirmation), 2002(f) (other notices), 7004 (adversary proceedings), and 9014 (contested matters), and unless otherwise provided by this Order or another order of this Court, every motion, application, notice, affidavit, declaration, or other writing filed in these cases, including notices and orders by the Court (collectively, the "Filings"), need only be served upon the following parties: (i) the Debtor; (ii) the Debtor's secured creditors; (iii) the Office of the United States Trustee; (iv) the 20 largest unsecured creditors; and (v) all entities that have (a) appeared in this case and requested notice pursuant to Bankruptcy Rule 2002 or (b) otherwise provided Debtor's counsel with a written request for notice of pleadings filed in this case (the "Limited Service List"). The names and addresses of the parties identified in subparagraphs (i) through (v) above, as of the date of this Order, are set forth on <u>Schedule 1</u> attached hereto and incorporated herein by reference. To the extent of any additions to the Limited Service List, the Debtor shall file an updated copy of the Limited Service List with the Court no later than the last day of each calendar month. The Debtor shall provide a copy of the most up-to-date version of the Limited Service List to any party requesting a copy of the same; and it is further

ORDERED that notices, pleadings, and other documents required to be served pursuant to Bankruptcy Rules 2002(a)(1) (meeting of creditors), 2002(a)(4) (hearing on dismissal or conversion), 2002(a)(5) (proposed modifications of plan), 2002(a)(7) (time fixed for filing proofs of claim), 2002(b)(1) (objections to and hearing on disclosure statement), 2002(b)(2) (objections to and hearing on confirmation), 2002(f) (other notices), 7004 (adversary proceedings), and 9014 (contested matters) shall be served in accordance with those Bankruptcy Rules; and it is further

ORDERED that Filings may be scheduled for hearing on not less than fourteen (14) days notice; and it is further

ORDERED that all responses to a Filing shall be filed and served on: (i) the party or parties that submitted the Filing, and (ii) the parties identified on Schedule 1. Such response shall be filed and served by the response date identified in the notice accompanying the Filing, but in any event responses shall be filed and served no fewer than two (2) days prior to the hearing at which the underlying Filing is scheduled for consideration by the Court; and it is further

ORDERED that nothing in this Order shall prejudice the rights of any party in interest to (i) for cause, move the Court to further limit or expand notice of certain matters and proceedings, including the right to file a motion seeking emergency ex parte consideration, or consideration upon shortened time or upon negative notice; (ii) seek a reduction or enlargement of a time period under Bankruptcy Rules 9006(b) or 9006(c); or (iii) seek a modification of the Limited Service List or the other procedures set forth herein; and it is further

ORDERED that the notice of electronic filing that is generated by the Court's Electronic Filing System shall constitute service of the filed document on all filing users of the Court's Electronic Filing System that have filed notices of appearance or other pleadings in this case. Service on entities that are not filing users, as well as entities that are filing users, may be made by electronic service, regular United States mail (postage prepaid), facsimile, overnight delivery, priority delivery, or special courier or hand delivery; provided, however, that (i) service of any Filing requesting relief at a hearing on less than fourteen (14) days' notice shall be served electronically, by facsimile, overnight delivery, special courier, or hand delivery, and (ii) any

3

response to a Filing described in the preceding clause must be filed and served, if practicable, so as to be received by the party that submitted the Filing, the parties identified on Schedule 1, and the Court at least one (1) day before the established hearing; and it is further

ORDERED that any creditor or party in interest may request to be added to the Limited Service List by (i) entering an appearance and filing request to receive notice or (ii) otherwise providing Debtor's counsel with a written request for notice of pleadings filed in this case (a "Notice Request"). A Notice Request shall include, as applicable, the name, street and Post Office address, telephone number, facsimile number, and e-mail address of the party requesting service; and it is further

ORDERED that notice and service accomplished in accordance with the provisions of this Order shall be deemed adequate in all respects pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules of this Court; and it is further

ORDERED that all time periods referenced in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a); and it is further

ORDERED that the Clerk of Court shall send an electronic copy of this Order as entered to Debtor's counsel who will then distribute the Order to all creditors and parties in interest.

Dated: _____, 2010

_____
UNITED STATES BANKRUPTCY JUDGE

Requested by:
RUBATEX INTERNATIONAL, LLC
By:/s/ W. Joel Charboneau_____
MAGEE GOLDSTEIN LASKY & SAYERS, P.C.
Andrew S. Goldstein, Esq. (VSB #28421)

4

W. Joel Charboneau, Esq. (VSB #68025)
Garren R. Laymon, Esq. (VSB #75112)
Post Office Box 404
Roanoke, Virginia  24003-0404
Telephone:  (540) 343-9800
Facsimile:  (540) 343-9898

SEEN:
UNITED STATES TRUSTEE
By: /s/_____
Margaret K. Garber, Esq.
210 First Street, S.W., Suite 505
Roanoke, VA 24011
540-857-2829 (T)

5

# SCHEDULE 1

(TO BE PROVIDED)